IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHINSTAR LLC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>　　　　　Defendants. | Case No. 25-cv-12728 |

COMPLAINT

ShinStar LLC ("Plaintiff" or "Sprunki") hereby brings the present action against the Partnerships and Unincorporated Associations identified on Schedule A attached hereto (collectively, "Defendants") and alleges as follows:

## I. JURISDICTION AND VENUE

1.　　This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, the Copyright Act, 17 U.S.C. § 501, *et seq.*, 28 U.S.C. § 1338(a)–(b) and 28 U.S.C. § 1331.

2.　　Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive e-commerce stores[1] operating under the seller aliases identified in Schedule A attached hereto (the "Seller Aliases"). Specifically, Defendants have targeted sales to

---

[1] The e-commerce store URLs are listed on Schedule A hereto under the Online Marketplaces.

Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and/or funds from U.S. bank accounts and, on information and belief, have sold products using infringing and counterfeit versions of Plaintiff's federally registered trademarks and/or unauthorized copies of Plaintiff's federally registered copyrighted works (collectively, the "Unauthorized Sprunki Products") to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

## II. INTRODUCTION

3. This action has been filed by Plaintiff to combat e-commerce store operators who trade upon Plaintiff's reputation and goodwill by selling and/or offering for sale Unauthorized Sprunki Products. Defendants create e-commerce stores operating under one or more Seller Aliases that are advertising, offering for sale, and selling Unauthorized Sprunki Products to unknowing consumers. Defendants' activities, occurring at the same time and in the same retail space and manner as one another, blend together to create a single negative impression on consumers such that they constitute the same occurrence or series of occurrences. Defendants attempt to avoid and mitigate liability by operating under one or more Seller Aliases to conceal both their identities and the full scope and interworking of their counterfeiting operation. Plaintiff is forced to file this action to combat Defendants' counterfeiting of its registered trademarks and infringement of its registered copyrighted works, as well as to protect unknowing consumers from purchasing Unauthorized Sprunki Products over the internet. Plaintiff has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishment of its valuable

trademarks and infringement of its copyrighted works as a result of Defendants' actions and seeks injunctive and monetary relief.

### III. THE PARTIES

**Plaintiff**

4. Shinstar LLC is a limited liability company organized and existing under the laws of the State of Colorado, having its principal place of business at 1942 Broadway Street, Suite 314C, Boulder, Colorado 80302.

5. Long before Defendants' acts described herein, the Sprunki online video game was created in 2024. When it launched, Sprunki immediately became an enormously successful online video game experience and a global phenomenon. Sprunki is played each day by gamers from countries around the world, including the United States.

6. Sprunki is a creative and engaging music game that brings the fun of beat-making to life through free online gameplay. Sprunki players craft their own musical beats and mix distinctive sounds through unique characters. Each Sprunki character offers a different sound, visual style, and role, making every musical composition one of a kind.

7. The Sprunki characters associated with the game have gained significant popularity among those in the online gaming community. Some of Sprunki's copyrighted characters are displayed below:

| Brud (Brown) | Clukr (Silver) | Durple (Purple) |
|---|---|---|
| | | |
| Jevin (Blue) | Wenda (White) | FunBot |
| | | |

8. The Sprunki video game has become a global success that resonates with children and adults worldwide, and has gained wide exposure on platforms such as iOS, Google Play, and YouTube. For example, YouTube videos featuring the Sprunki characters have received millions of views. As such, the Sprunki trademarks and characters are invaluable assets of Plaintiff's business.

9. In addition to the popular video game, Plaintiff has sold various related products including toys, dolls, action figures, decorations, card games, and puzzles (collectively, the "Sprunki Products").

10. Sprunki Products are sold only through authorized retail channels and are recognized by the public as being exclusively associated with Plaintiff's Sprunki game and brand.

11. Plaintiff has used the Sprunki trademarks in connection with the Sprunki video game and related line of Sprunki Products, and has sold products under the Sprunki trademarks

4

(the "SPRUNKI Trademarks"). As a result, strong common law trademark rights have amassed in the SPRUNKI Trademarks. Plaintiff's use of the marks has also built substantial goodwill in and to the SPRUNKI Trademarks. Plaintiff has registered the below SPRUNKI Trademarks with the United States Patent and Trademark Office.

| Registration No. | Trademark |
|---|---|
| 7,902,874<br>7,902,877 | SPRUNKI |

12. The above U.S. registrations for the SPRUNKI Trademarks are valid, subsisting, and in full force and effect. The registrations for the SPRUNKI Trademarks constitutes *prima facie* evidence of their validity and of Plaintiff's exclusive right to use the SPRUNKI Trademarks pursuant to 15 U.S.C. § 1057 (b). True and correct copies of the United States Registration Certificates for the above-listed SPRUNKI Trademarks are attached hereto as **Exhibit 1**.

13. The SPRUNKI Trademarks are distinctive when applied to the Sprunki Products, signifying to the purchaser that the products come from Plaintiff and are manufactured to Plaintiff's quality standards. Whether Plaintiff manufactures the products itself or contracts with others to do so, Plaintiff has ensured that products bearing the SPRUNKI Trademarks are manufactured to the highest quality standards.

14. The innovative marketing and product designs of the Sprunki Products have enabled the Sprunki brand to achieve widespread recognition and have made the SPRUNKI Trademarks some of the most well-known marks in the video game industry. The significant goodwill associated with the Sprunki brand has made the SPRUNKI Trademarks a valuable asset of Plaintiff.

15. Plaintiff has expended substantial time, money, and other resources in advertising and promoting the SPRUNKI Trademarks. Sprunki Products have also been the subject of

extensive unsolicited publicity resulting from their renown and innovative designs. As a result, products bearing the SPRUNKI Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high-quality products sourced from Plaintiff. Sprunki Products have become among the most popular of their kind. The SPRUNKI Trademarks have achieved tremendous recognition which has only added to the inherent distinctiveness of the marks. As such, the goodwill associated with the SPRUNKI Trademarks is of incalculable and inestimable value to Plaintiff.

16. The Sprunki copyrighted works (the "Sprunki Copyrighted Works") are registered with the United States Copyright Office under "Wenda(White) and 5 Other Unpublished Works" (U.S. Copyright Registration No. VAu 1-556-801), issued by the Register of Copyrights on February 11, 2025. A true and correct copy of the certificate of registration from the U.S. Copyright Office for the above-referenced Sprunki Copyrighted Works is attached hereto as **Exhibit 2**.

17. Among the exclusive rights granted to Plaintiff under the U.S. Copyright Act are the exclusive rights to reproduce, prepare derivative works of, distribute copies of, and display the Sprunki Copyrighted Works to the public.

18. Since their first publication, the Sprunki Copyrighted Works have been used on the Sprunki Products and are featured on Plaintiff's website at sprunki.com.

19. Sprunki Products typically include one or more of the registered SPRUNKI Trademarks and/or one or more of the Sprunki Copyrighted Works. As such, Sprunki Products are recognized by the public as being exclusively associated with the Sprunki brand.

**The Defendants**

20. Defendants are individuals and business entities of unknown makeup who own and/or operate one or more of the e-commerce stores under at least the Seller Aliases identified on

Schedule A and/or other seller aliases not yet known to Plaintiff. On information and belief, Defendants reside and/or operate in the People's Republic of China or other foreign jurisdictions with lax trademark enforcement systems or redistribute products from the same or similar sources in those locations. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

21. On information and belief, Defendants, either individually or jointly, operate one or more e-commerce stores under the Seller Aliases listed in Schedule A attached hereto. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their counterfeit network. If Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

### IV. DEFENDANTS' UNLAWFUL CONDUCT

22. The success of the Sprunki video game and brand has resulted in significant counterfeiting of the SPRUNKI Trademarks and copying of the Sprunki Copyrighted Works. Consequently, Plaintiff regularly investigates suspicious e-commerce stores identified in proactive Internet sweeps and reported by consumers. In recent years, Plaintiff has identified many fully interactive e-commerce stores offering Unauthorized Sprunki Products on online marketplace platforms such as PayPal, Amazon, Temu, and Walmart, including the e-commerce stores operating under the Seller Aliases. The Seller Aliases target consumers in this Judicial District and throughout the United States. At last count, global trade in counterfeit and pirated goods was worth an estimated $467 billion per year — accounting for a staggering 2.3% of all imports,

according to the Organization for Economic Cooperation and Development (the "OECD").[2] The primary source of all those counterfeits, the OECD and others say, is China.[3]

23. Third party service providers like those used by Defendants do not adequately subject new sellers to verification and confirmation of their identities, allowing counterfeiters to "routinely use false or inaccurate names and addresses when registering with these e-commerce platforms."[4] Counterfeiters hedge against the risk of being caught and having their websites taken down from an e-commerce platform by preemptively establishing multiple virtual store-fronts.[5] Since platforms generally do not require a seller on a third-party marketplace to identify the underlying business entity, counterfeiters can have many different profiles that can appear unrelated even though they are commonly owned and operated.[6] Further, "E-commerce platforms create bureaucratic or technical hurdles in helping brand owners to locate or identify sources of counterfeits and counterfeiters."[7]

24. Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and/or funds from U.S. bank accounts and, on information and belief, have sold Unauthorized Sprunki Products to

---

[2] *See* Press Release, Organization for Economic Cooperation and Development, *Global trade in fake goods reached USD 467 billion, posing risks to consumer safety and compromising intellectual property* (May 7, 2025), https://www.oecd.org/en/about/news/press-releases/2025/05/global-trade-in-fake-goods-reached-USD-467-billion-posing-risks-to-consumer-safety-and-compromising-intellectual-property.html.
[3] *Id.*; *See also, Intellectual Property Rights Seizure Statistics, Fiscal Year 2024*, U.S. Customs and Border Protection.
[4] *See* Daniel C.K. Chow, *Alibaba, Amazon, and Counterfeiting in the Age of the Internet*, 40 NW. J. INT'L L. & BUS. 157, 186 (2020); *see also* report on "Combating Trafficking in Counterfeit and Pirated Goods" prepared by the U.S. Department of Homeland Security's Office of Strategy, Policy, and Plans (Jan. 24, 2020), and finding that on "at least some e-commerce platforms, little identifying information is necessary for a counterfeiter to begin selling" and recommending that "[s]ignificantly enhanced vetting of third-party sellers" is necessary.
[5] *Id.* at p. 22.
[6] *Id.* at p. 39.
[7] Chow, *supra* note 4, at pp. 186-87.

residents of Illinois. Screenshots evidencing Defendant's infringing activities are attached as **Exhibit 3.**

25. Defendants concurrently employ and benefit from substantially similar advertising and marketing strategies. For example, Defendants facilitate sales by designing the e-commerce stores operating under the Seller Aliases so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. E-commerce stores operating under the Seller Aliases appear sophisticated and accept payment in U.S. dollars and/or funds from U.S. bank accounts via credit cards, Amazon Pay, and/or PayPal. E-commerce stores operating under the Seller Aliases often include content and images that make it very difficult for consumers to distinguish such stores from an authorized retailer. Plaintiff has not licensed or authorized Defendants to use the SPRUNKI Trademarks or copy or distribute the Sprunki Copyrighted Works, and none of the Defendants are authorized retailers of genuine Sprunki Products.

26. Many Defendants also deceive unknowing consumers by using the SPRUNKI Trademarks without authorization within the content, text, and/or meta tags of their e-commerce stores to attract various search engines crawling the internet looking for websites relevant to consumer searches for Sprunki Products. Other e-commerce stores operating under Seller Aliases omit using the SPRUNKI Trademarks in the item title to evade enforcement efforts while using strategic item titles and descriptions that will trigger their listings when consumers are searching for Sprunki Products.

27. E-commerce store operators like Defendants commonly engage in fraudulent conduct when registering the Seller Aliases by providing false, misleading, and/or incomplete information to e-commerce platforms to prevent discovery of their true identities and the scope of their e-commerce operation.

28. E-commerce store operators like Defendants regularly register or acquire new seller aliases for the purpose of offering for sale and selling Unauthorized Sprunki Products. Such seller alias registration patterns are one of many common tactics used by e-commerce store operators like Defendants to conceal their identities and the full scope and interworking of their counterfeiting operation, and to avoid being shut down.

29. Defendants are collectively causing harm to Plaintiff's goodwill and reputation because the effect of their unlawful actions taken together amplifies each harm and creates a single negative consumer impression. Defendants' activities, occurring at the same time and in the same retail space and manner as one another, blend together to create a single negative impression on consumers such that they constitute the same occurrence or series of occurrences. The combination of all Defendants engaging in the same illegal activity in the same time span causes a collective harm to Plaintiff in a way that individual actions, occurring alone, might not.

30. E-commerce store operators like Defendants are in constant communication with each other and regularly participate in QQ.com chat rooms and through websites such as sellerdefense.cn and kuajingvs.com regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

31. Counterfeiters such as Defendants typically operate under multiple seller aliases and payment accounts so that they can continue operation in spite of Plaintiff's enforcement. E-commerce store operators like Defendants maintain off-shore bank accounts and regularly move funds from their financial accounts to off-shore accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment awarded to Plaintiff. Indeed, analysis of financial transaction logs from previous similar cases indicates that off-shore counterfeiters regularly move

funds from U.S.-based financial accounts to off-shore accounts outside the jurisdiction of this Court.

32. Defendants are working to knowingly and willfully import, distribute, offer for sale, and sell Unauthorized Sprunki Products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully used and continue to use the SPRUNKI Trademarks and/or copies of the Sprunki Copyrighted Works in connection with the advertisement, distribution, offering for sale, and sale of Unauthorized Sprunki Products into the United States and Illinois over the internet.

33. Defendants' unauthorized use of the SPRUNKI Trademarks and/or copies of the Sprunki Copyrighted Works in connection with the advertising, distribution, offering for sale, and sale of Unauthorized Sprunki Products, including the sale of Unauthorized Sprunki Products into the United States, including Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

## COUNT I
## TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)

34. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

35. This is a trademark infringement action against Defendants based on their unauthorized use in commerce of counterfeit imitations of the federally registered SPRUNKI Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. The SPRUNKI Trademarks are highly distinctive marks. Consumers have come to expect the highest quality from Sprunki Products offered, sold, or marketed under the SPRUNKI Trademarks.

36. Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products using counterfeit reproductions of the SPRUNKI Trademarks without Plaintiff's permission.

37. Plaintiff's United States Registrations for the SPRUNKI Trademarks (**Exhibit 1**) are in full force and effect. On information and belief, Defendants have knowledge of Plaintiff's rights in the SPRUNKI Trademarks and are willfully infringing and intentionally using infringing and counterfeit versions of the SPRUNKI Trademarks. Defendants' willful, intentional, and unauthorized use of the SPRUNKI Trademarks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Unauthorized Sprunki Products among the general public.

38. Defendants' activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

39. Plaintiff has no adequate remedy at law and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its SPRUNKI Trademarks.

40. The injuries and damages sustained by Plaintiff have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Unauthorized Sprunki Products.

## COUNT II
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

41. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

42. Defendants' promotion, marketing, offering for sale, and sale of Unauthorized Sprunki Products has created and is creating a likelihood of confusion, mistake, and deception

among the general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendants' Unauthorized Sprunki Products by Plaintiff.

43. By using the SPRUNKI Trademarks in connection with the sale of Unauthorized Sprunki Products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Unauthorized Sprunki Products.

44. Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Unauthorized Sprunki Products to the general public involves the use of counterfeit marks and is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

45. Plaintiff has no adequate remedy at law and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the associated goodwill of its Sprunki brand.

## COUNT III
## COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION
## (17 U.S.C. §§ 106 AND 501)

46. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

47. The Sprunki Copyrighted Works constitute original works and copyrightable subject matter pursuant to the Copyright Act, 17 U.S.C. §§ 101, *et seq*.

48. Plaintiff has complied with the registration requirements of 17 U.S.C. § 411(a) for the Sprunki Copyrighted Works. The Sprunki Copyrighted Works are protected by the U.S. Copyright Registration Nos. VAu 1-556-801 (**Exhibit 2**), which was duly issued to Plaintiff by the United States Copyright Office. At all relevant times, Plaintiff has been and still is the owner of all rights, title, and interest in the Sprunki Copyrighted Works, which have never been assigned, licensed, or otherwise transferred to Defendants.

49. The Sprunki Copyrighted Works are published on the internet and available to Defendants online. As such, Defendants had access to the Sprunki Copyrighted Works via the internet.

50. Without authorization from Plaintiff, or any right under the law, Defendants have deliberately copied, displayed, distributed, reproduced, and/or made derivate works incorporating the Sprunki Copyrighted Works on e-commerce stores operating under the Seller Aliases and the corresponding Unauthorized Sprunki Products. Defendants' derivative works are virtually identical to and/or are substantially similar to the look and feel of the Sprunki Copyrighted Works. Such conduct infringes and continues to infringe the Sprunki Copyrighted Works in violation of 17 U.S.C. § 501(a) and 17 U.S.C. §§ 106(1)–(3), (5).

51. Defendants reap the benefits of the unauthorized copying and distribution of the Sprunki Copyrighted Works in the form of revenue and other profits that are driven by the sale of Unauthorized Sprunki Products.

52. Defendants have unlawfully appropriated Plaintiff's protectable expression by taking material of substance and value and creating Unauthorized Sprunki Products that capture the total concept and feel of the Sprunki Copyrighted Works.

53. On information and belief, Defendants' infringement has been willful, intentional, purposeful, and in disregard of and with indifference to Plaintiff's rights.

54. Defendants, by their actions, have damaged Plaintiff in an amount to be determined at trial.

55. Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502,

Plaintiff is entitled to a preliminary and permanent injunction prohibiting further infringement of the Sprunki Copyrighted Works.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a. using the SPRUNKI Trademarks or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Sprunki Product or is not authorized by Plaintiff to be sold in connection with the SPRUNKI Trademarks;

    b. reproducing, distributing copies of, making derivative works of, or publicly displaying the Sprunki Copyrighted Works in any manner without the express authorization of Plaintiff;

    c. passing off, inducing, or enabling others to sell or pass off any product as a genuine Sprunki Product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the SPRUNKI Trademarks and/or the Sprunki Copyrighted Works;

    d. committing any acts calculated to cause consumers to believe that Defendants' Unauthorized Sprunki Products are those sold under the authorization, control, or

supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

e. further infringing the SPRUNKI Trademarks and/or the Sprunki Copyrighted Works, and damaging Plaintiff's goodwill; and

f. manufacturing, shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear Plaintiff's SPRUNKI Trademarks or any reproductions, counterfeit copies, or colorable imitations thereof and/or which bear the Sprunki Copyrighted Works;

2) Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including, without limitation, any online marketplace platforms such as PayPal, Amazon, Temu, and Walmart (collectively, the "Third Party Providers") shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the SPRUNKI Trademarks and/or which bear the Sprunki Copyrighted Works;

3) That Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the SPRUNKI Trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

4) In the alternative, that Plaintiff be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of the SPRUNKI Trademarks;

5) As a direct and proximate result of Defendants' infringement of the Sprunki Copyrighted Works, Plaintiff is entitled to damages as well as Defendants' profits, pursuant to 17 U.S.C. § 504(b);

6) Alternatively, and at Plaintiff's election prior to any final judgment being entered, Plaintiff is entitled to the maximum amount of statutory damages provided by law, $150,000 per work infringed pursuant to 17 U.S.C. § 504(c), or for any other such amount as may be proper pursuant to 17 U.S.C. § 504(c);

7) Plaintiff is further entitled to recover its attorneys' fees and full costs for bringing this action pursuant to 17 U.S.C. § 505 and 15 U.S.C. § 1117(a); and

8) Award any and all other relief that this Court deems just and proper.

Dated this 17th day of October 2025.     Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Trevor C. Talhami
Madeline B. Halgren
Greer, Burns & Crain, Ltd.
200 W. Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
ttalhami@gbc.law
mhalgren@gbc.law

*Counsel for Plaintiff ShinStar LLC*