IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHINSTAR LLC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>SKYLINE-USA,<br><br>　　　　　Defendant. | Case No. 25-cv-12728<br><br>**Judge Martha M. Pacold**<br><br>**Magistrate Judge Maria Valdez** |

**PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY**

ShinStar LLC ("Plaintiff" or "Sprunki") is requesting entry of an order for expedited discovery regarding Defendant SKYLINE-USA as identified on Schedule A attached to the Amended Complaint ("Defendant").

As alleged in Plaintiff's Amended Complaint, Defendant is an individual and/or business entity of unknown makeup who owns and/or operates at least the e-commerce store under at least the seller alias identified on Schedule A to the Amended Complaint (the "Seller Alias") and/or other seller aliases not yet known to Plaintiff. *See* [15] at ¶ 20. Defendant has targeted sales to Illinois residents by setting up and operating an e-commerce store that targets United States consumers using at least the Seller Alias, offers shipping to the United States, including Illinois, accepts payment in U.S. dollars and/or funds from U.S. bank accounts and, on information and belief, has sold unauthorized and unlicensed products using infringing and counterfeit versions of Plaintiff's federally registered trademarks and unauthorized copies of Plaintiff's federally registered copyrighted works to residents of Illinois. *See* [15] at ¶ 2, 24, 31-32. Screenshots evidencing Defendant's infringing activity are attached as **Exhibit 1**.

Fed. R. Civ. P. 26(d) allows for discovery before the parties have conferred when authorized by a court order. Fed. R. Civ. P. 26(d). The United States Supreme Court has held that "federal courts have the power to order, at their discretion, the discovery of facts necessary to ascertain their competency to entertain the merits." *Vance v. Rumsfeld*, No. 1:06-cv-06964, 2007 WL 4557812, at *6 (N.D. Ill. Dec. 21, 2007) (quoting *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380 (1978)). Courts have wide latitude in determining whether to grant a party's request for discovery. *Id.* (citation omitted). District Courts may "evaluate a motion for expedited discovery 'on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances.'" *Ibarra v. City of Chicago*, 816 F. Supp. 2d 541, 554 (N.D. Ill. 2011). Further, courts have broad power over discovery and may permit discovery in order to aid in the identification of unknown defendants. *See* Fed. R. Civ. P. 26(b)(2).

Since Defendant is likely to decline to participate in these proceedings, expedited discovery is necessary to learn about Defendant, Defendant's identity, the nature of Defendant's operations, and all associated sales. *See, e.g., Deckers Outdoor Corporation v. The Partnerships, et al.,* No. 15-cv-3249 (N.D. Ill. April 4, 2015) (unpublished). Specifically, expedited discovery is necessary to learn all known contact information and all associated e-mail addresses of Defendant so that Plaintiff can effectuate service of process by e-mail.

Accordingly, Plaintiff respectfully requests that this Court enter an order for expedited discovery, in the form submitted herewith.

Dated this 28th day of October 2025.  Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Trevor C. Talhami
Madeline B. Halgren
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
ttalhami@gbc.law
mhalgren@gbc.law

*Counsel for Plaintiff ShinStar LLC*

.